# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | |
|---|---|
| INTEGRITY DEFENSE SERVICES, INC., ) ) ) | |
| Plaintiff, ) ) | NO. 1:23-cv-00030 |
| v. ) ) | JUDGE CAMPBELL |
| ) | MAGISTRATE JUDGE HOLMES |
| WIREMASTERS, INC., ) ) | |
| Defendant. ) | |

## MEMORANDUM

Pending before the Court is the Defendant WireMasters, Inc.'s ("WireMasters") Motion to Dismiss the Complaint. (Doc. No. 9). Plaintiff Integrity Defense Services, Inc. ("IDSI") filed a response in opposition (Doc. No. 11), and WireMasters filed a reply (Doc. No. 14). For the reasons discussed below, the motion will be **GRANTED** in part and **DENIED** in part.

### I. FACTUAL AND PROCEDURAL BACKGROUND

IDSI brings a complaint against WireMasters asserting claims for breach of contract, breach of limited warranty, and violation of the Tennessee Consumer Protection Act ("TCPA"). (Doc. No. 1). IDSI provides the United States Military with "capabilities which include the machining of critical components; build to print electrical cables, components, and testing; mechanical assembly, composite refurbishment, and an expertise in the coating of military vehicles and components." (*Id.* ¶ 5). IDSI regularly places order for stock and custom wire and cable from WireMasters to fulfill contracts it has with the United States government. (*Id.* ¶ 6). When IDSI needs a custom cable to fulfill a contract, it sends WireMasters prints or drawings IDSI has received from the government which contain the specifications of the wire or cable needed. (*Id.* ¶ 7). WireMasters reviews these prints and/or drawings and sends a quote to IDSI stating how much

the material will cost. (*Id.* ¶ 8). Once IDSI receives the quote, it develops a purchase order with the amount of cable required and sends it to WireMasters. (*Id.* ¶ 9). After WireMasters completes production, the wire or cable is shipped to IDSI, and IDSI receives a certificate of conformance certifying that the wires or cables are built to the specifications provided in the prints and/or drawings. (*Id.* ¶ 10). In 2018, IDSI provided WireMasters with a drawing containing the following specifications:

> 10.5 OUTER SHEATH – THE CABLE'S OUTER SHEATH SHALL BE A JACKET OF POLYCHLOROPRENE (NEOPRENE) IN ACCORDANCE WITH MIL-R-6855, CLASS 2, TYPE A, GRADE 60, HAVING MINIMUM WALL THICKNESS OF .062. THIS OUTER SHEATH MUST CONTAIN A MINIMUM OF 98% POLYCHLOROPRENE WITH NO CLAY FILLERS.

(*Id.* ¶¶ 11-12).

The drawing with the above specifications was reviewed and approved by IDSI and WireMasters, and from 2018 to 2021, WireMasters fulfilled 32 purchase orders and invoiced IDSI $206,253.11. (*Id.* ¶ 14). With each purchase order that was fulfilled, WireMasters certified that each purchase order was fulfilled in accordance with all requirements of all applicable drawings, specifications, and purchase order requirements. (*Id.* ¶ 15).

From 2018 through 2021, IDSI incorporated the wires produced by WireMasters into MK-99 cable sets, which IDSI used to fulfill a contract with the United States Navy. (*Id.* ¶ 16). In 2022, the United States Navy informed IDSI that it was rejecting the MK-99 cable sets because the cable jacket material did not meet the drawing specifications. (*Id.* ¶ 17). On or about August 29, 2022, IDSI received a letter from SAIC, which stated the following:

> Pursuant to Terms and Conditions Article #5 Inspection and Acceptance, the subject Purchase Orders were all rejected for nonconforming material. Failure reason was due to the Outer Sheath of the custom cable not conforming to Note 10.5 of the required print (2910453). This rejection was also confirmed by SAIC's customer.

2

(*Id.* ¶ 18). The wires and/or cables referenced in this letter were the wires and/or cables produced by WireMasters and certified as compliant with material specifications. (*Id.*)

In May of 2022, IDSI sent samples of the cables and/or wires produced by WireMasters to Purdue University to conduct a material characterization of cable insulation study; the study concluded that trace amounts of clay fillers were identified in the cable's outer sheaths. (*Id.* ¶¶ 19-20). The drawings and specifications provided to WireMasters by IDSI expressly prohibited the use of clay fillers in the outer sheath. (*Id.* ¶ 21). IDSI claims that the wires and/or cables WireMasters produced were defective and did not comply with the specifications in the drawings and that, as a result of WireMasters' production of the defective product, IDSI had its government certification rescinded, resulting in significant monetary damages. (*Id.* ¶¶ 22-23).

On June 6, 2023, WireMasters filed the pending motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), seeking dismissal of IDSI's TCPA claim and certain damages sought by IDSI.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a complaint for failure to state a claim upon which relief can be granted. For purposes of a motion to dismiss, a court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to state a claim for relief that is plausible on its face. *Id.* at 678. A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* In reviewing a motion to dismiss, the Court construes the complaint in the light most favorable to the plaintiff, accepts its allegations as true, and draws all reasonable inferences in favor of the plaintiff. *Directv, Inc. v. Treesh*, 487 F.3d

471, 476 (6th Cir. 2007). Thus, dismissal is appropriate only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Guzman v. U.S. Dep't of Children's Servs.*, 679 F.3d 425, 429 (6th Cir. 2012).

### III. ANALYSIS

**A. TCPA (Count Three)**

To state a viable claim under the TCPA, a plaintiff's claim must be "based on one of the specific subsections of Tenn. Code Ann. § 47-18-104(b)." *Harding v. BMW of N. Am., LLC*, No. 3:20-CV-00061, 2020 WL 5039439, at *3 (M.D. Tenn. Aug. 26, 2020). Based on the allegations in the Complaint, IDSI asserts three unfair and deceptive practices identified in the TCPA. First, under section 47-18-104(b)(5), it is unfair or deceptive to represent "that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have or that a person has a sponsorship approval, status, affiliation or connection that such person does not have." (Doc. No. 1 ¶ 44). Next, under section 47-18-104(b)(7), it is unfair or deceptive to represent "that goods or services are of a particular standard, quality or grade, or that goods are of a particular style or model, if they are of another." (*Id.* ¶ 45). Finally, under section 47-18-104(b)(9), it is unfair or deceptive to advertise "goods or services with intent not to sell them as advertised." (*Id.* ¶ 46).

The TCPA defines "goods" as "any tangible chattels leased, bought, or otherwise obtained for use by an individual primarily for personal, family, or household purposes or a franchise, distributorship agreement, or similar business opportunity." Tenn. Code Ann. § 47-18-103(12).

WireMasters agues that the custom cables and/or wires it sold to IDSI are not "goods" under the TCPA and, because all of the alleged TCPA violations involve "goods," IDSI's TCPA claim thus fails as a matter of law. Specifically, WireMasters argues that (1) IDSI is not an

"individual" under the TCPA, and all three of the provisions undergirding IDSI's TCPA claim are inapplicable because "goods" must be for use by an "individual"; and (2) the wires and/or cables at issue were not "primarily for personal, family, or household purposes," and thus are not "goods" under the TCPA.

WireMasters relies heavily on the Tennessee Supreme Court's decision in *Milan Supply Chain Solutions, Inc. v. Navistar, Inc.*, 627 S.W. 3d 125 (Tenn. 2021). In that case, Milan Supply purchased diesel engines from Navistar and sued based on failures of those engines, including alleging a TCPA claim. A jury found in Milan Supply's favor on the TCPA claim. The *Milan Supply* court considered, *inter alia*, the applicability of the TCPA to that case after the intermediate appellate court had concluded that the TCPA did not apply because Milan Supply was not an "individual" and the products were not for "personal, family, or household purposes." *Id.* at 158 (internal citation omitted).

The court in *Milan Supply* first addressed whether Milan Supply was an "individual" and noted that the TCPA does not define "individual," but nevertheless the court concluded that an "individual" under the TCPA is distinct from a legal entity. In contrast, a "person" can be an individual or legal entity under the TCPA. § 47-18-103(14). The court concluded that Milan Supply was not an "individual" under the TCPA, and thus the provision at issue – section 47-18-104(b)(7) – did not apply to the transaction at issue. The *Milan Supply* court further held that even if Milan Supply was an "individual," the products at issue were not "goods" because they were not "for use…primarily for personal, family, or household purposes." 627 S.W.3d at 159 (internal citation omitted).

In response to WireMaster's TCPA argument, IDSI argues that it is a "person" under the TCPA and is thus allowed to bring claims for deceptive acts and practices (Doc. No. 11 at 3). IDSI

5

Case 1:23-cv-00030    Document 25    Filed 02/26/24    Page 5 of 8 PageID #: 117

further argues that the Tennessee legislature could have used "natural person" in the definition of "goods," but chose "individual" to allow business entities to fall under that definition. IDSI concludes its argument by asserting that *Milan Supply* was "incorrectly decided" and invites the Court to ignore that case.

WireMasters does not address the question of whether the wires and/or cables at issue were "for use…primarily for personal, family, or household purposes." Tenn. Code Ann. § 47-18-103(12).[1] In its reply, WireMasters correctly points out that IDSI's argument confuses the concept of standing and the scope of particular TCPA provisions that provide the basis for a specific claim of deceptive or unfair practices. *See ACT, Inc. v. Worldwide Interactive Network*, 2020 WL 12574239, at *3-4 (E.D. Tenn. 2020). As WireMasters also correctly points out, the import of the term "individual" goes to the definition of "goods" and is a key term in the TCPA provisions upon which IDSI bases its claims. WireMasters does not argue – nor can it – that IDSI's status as a corporation denies its right to sue under the TCPA generally. !

IDSI's argument concerning the term "individual," to the extent the Court understands the argument, appears to be that an "individual" is different from a "natural person" and use of both terms by the drafters of the definition of "person" in the TCPA shows that an "individual" in the definition of "goods" can be a business entity. IDSI then claims that "[i]t is nonsensical that the legislature would allow all types of business entities to bring suit under the TCPA, and specifically amend the act to ensure that businesses can seek treble damages but limit that applicability only to services." (Doc. No. 11 at 4). IDSI's argument – which is wholly unsupported by authority beyond

---

[1] Neither party suggests that this case involves "goods" used by a "franchise, distributorship agreement, or similar business opportunity" and based on the allegations in the Complaint, the Court finds that this part of the definition of "goods" does not apply here.

its interpretation of the text of the TCPA – again confuses standing and definitions used to provide the scope of the deceptive and unfair practices prohibited by that act.

WireMasters has not argued that IDSI lacks standing. Instead, WireMasters argues that the deceptive or unfair practices that serve as the basis for IDSI's claims do not apply to the facts alleged in the Complaint.

WireMasters is correct for several reasons. First, the language of the TCPA, as interpreted by the *Milan Supply* court – and correctly so – finds that a corporation does not fall under the term "individual" as used in the definition of "goods." Second, a district court sitting in diversity jurisdiction must apply the laws of the state in which it sits. To do otherwise would, at a minimum, create chaos in the case law and is contrary to numerous critical principles undergirding the rule of law. Moreover, contrary to IDSI's suggestion that this Court ignore *Milan Supply*, the Court follows that authority and also finds that it is a correct interpretation of the TCPA. Last, as was the case in the *Milan Supply* case, this Court also finds that this case does not involve "tangible chattels…for use…primarily for personal, family, or household purposes" and thus, did not involve "goods." IDSI does not argue otherwise, nor could it, given that the Complaint described in detail the wires and/or cables WireMasters made and sold to IDSI for resale to the United States Navy. Even if IDSI could be an "individual" for purposes of the definition of "goods," its claim still fails because of the use of the wires and/or cables at issue places it outside the relevant TCPA provisions.

In sum, the three allegedly unfair and deceptive practices upon which IDSI bases its claims all involve "goods." Because this case does not involve "goods," Count Three of the Complaint fails to state a claim under the TCPA upon which relief can be granted.

WireMasters also appears to seek dismissal of certain relief demanded by IDSI. Given that other claims are proceeding, the Court will reserve considering the appropriate remedies until such time as IDSI establishes its entitlement to any remedy.

**B. Statute of Limitations**

WireMasters also seeks dismissal of any claims to the extent they seek damages from sales outside the four-year statute of limitations period. A court can grant Rule 12(b)(6) relief based on an affirmative defenses, such as a statute of limitations, only "if the allegations in the complaint affirmatively show that the claim is time-barred." *Snyder-Hill v. Ohio State Univ.*, 48 F.4th 686, 698 (6th Cir. 2022) (internal quotations omitted).

Importantly, WireMasters is not seeking dismissal of a claim based on a limitations defense, but rather asks the Court to limit recoverable damages based on that defense. As with WireMasters' argument concerning treble damages, the Court will address the appropriate measure of damages at a future juncture.

An appropriate Order will enter.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE